UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PANDA RESTAURANT GROUP, INC., <br><br> *Plaintiff / Judgment Creditor*, <br><br> v. <br><br> NOVADINE, INC., <br><br> *Defendant / Judgment Debtor*. <br> PANDA RESTAURANT GROUP, INC., <br><br> *Petitioner*, <br><br> v. <br><br> LUNCHBOX TECHNOLOGIES, INC., <br><br> *Respondent/Garnishee*. | Civil Action No.:  25-mc-00216-JLR |

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, on or about July 2, 2024, Plaintiff and Judgment Creditor Panda Restaurant Group, Inc. ("Plaintiff" or "Panda") obtained an arbitration award against NovaDine, Inc. ("NovaDine" or "Judgment Debtor");

WHEREAS, on or about December 17, 2024, the United States District Court for the Central District of California entered a Default Judgment Confirming Arbitration Award against NovaDine (the "Judgment");

WHEREAS, on May 12, 2025, Plaintiff initiated the above-captioned action to register the Judgment in this District;

WHEREAS, LunchBox Technologies, Inc. ("Respondent") is NovaDine's corporate parent;

WHEREAS, by a document subpoena in aid of execution and an information subpoena

1

in aid of execution, both dated July 21, 2025 (collectively, the "Subpoenas"), Plaintiff requested Respondent produce certain documents and respond to interrogatories in connection with the Judgment;

WHEREAS, Respondent responded and objected to the Subpoenas by letters dated August 22, 2025 (collectively, the "Responses");

WHEREAS, in the Responses, Respondent agreed to produce certain documents and/or provide certain information subject to the entry of a so-ordered confidentiality stipulation because the Subpoenas will likely require Respondent to produce or provide, *inter alia*, proprietary research, development, technical, financial, strategic, competitive, customer, or commercial information, and other kinds of commercially sensitive information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G);

WHEREAS, in light of the foregoing, Plaintiff and Respondent, through counsel, agree to the following terms and jointly request that this Court so-order the following stipulation to govern documents and information Respondent provides in in response to the Subpoenas ("Discovery Material"); and

WHEREAS, the Court finds that good cause exists for the issuance of this order.

IT IS HEREBY ORDERED that Plaintiff and Respondent shall adhere to the following terms: any person subject to this stipulation and protective order ("Order"):

1. Except with the prior written consent of Respondent or, if appropriate, NovaDine, Plaintiff shall not use any material that is designated as CONFIDENTIAL shall not be disclosed to any person or used for any purpose except as expressly permitted in this Order. Respondent may designate as CONFIDENTIAL material where Respondent's counsel reasonably believes in good faith that such designation is necessary to protect the interests of the Respondent in

information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by Respondent to a third party, including NovaDine (collectively "Confidential Material"). Plaintiff shall not make any copies, duplicates, extracts, summaries, or descriptions of Confidential Material except for use in the litigation of this Action or other actions in aid of Panda's collection the Judgment. This Order shall be fully applicable to all such copies, duplicates, extracts, summaries, or descriptions of Confidential Material.

2.  With respect to the CONFIDENTIAL portion of any Discovery Material other than deposition transcripts and exhibits, the Respondent or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. All Confidential Material not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth above, such as models or electronic files, shall be designated by Respondent by informing the Plaintiff in writing or by so labeling the media on which electronic files are produced. Interrogatories or the answers thereto, requests for admissions or the responses thereto, requests for production or the responses thereto, motions, briefs, memoranda, correspondence, and other documents prepared, produced, served, or filed in connection with this Action or other actions in aid of Panda's collection the Judgment, or portions of the foregoing, containing, quoting, or referring to the substance of Confidential Material may be similarly designated or treated as CONFIDENTIAL under this Order.

3.  All or part of any oral or written deposition testimony may be designated CONFIDENTIAL either (a) at the time the testimony is given, or (b) within thirty (30) days

following receipt of a transcript by written notice to the court reporter, with a copy of the notice to counsel for Plaintiff (and, if such counsel exists, counsel for the deponent) of the specific pages and lines of the transcript that contain Confidential Material. Such written notice shall then be attached by Plaintiff or the reporter to the transcript and each copy thereof in its possession, custody, or control. All deposition transcripts shall be treated as CONFIDENTIAL in their entirety until thirty (30) business days following receipt of the transcript unless receipt of confidentiality designations is received earlier. Deposition exhibits previously designated need not be re-designated to retain their status as Confidential Material. Respondent's counsel shall have the right to exclude from depositions any person who is not authorized by the Order to receive Confidential Material, but only during periods of examination or testimony directed to or comprising Confidential Material.

      4.      Absent written consent from Respondent or unless otherwise directed by the Court, Confidential Material may be disclosed only to the following persons:

      (a)      Plaintiff and its past and present officers, directors, and other employees of or its respective affiliates, but only to the extent that counsel determines in good faith that the officer's, director's, or employee's assistance is reasonably necessary to litigate this Action or other actions in aid of Panda's collection the Judgment;

      (b)      during or in preparation for depositions, other witnesses in this Action or other actions in aid of Panda's collection the Judgment to whom disclosure is reasonably necessary, provided that they may only receive a copy of documents containing Confidential Material during or in preparation for the deposition and for the purpose of reviewing their transcript, but may not retain a copy;

   (c) Plaintiff's counsel and other members of said counsel's clerical, paralegal, and secretarial staff regularly employed by such counsel, independent contractors, and in-house counsel who are actively involved in assisting with the prosecution or defense of this Action or other actions in aid of Panda's collection the Judgment;

   (d) experts or consultants who are not regular employees of Plaintiff but are retained by Plaintiff or its counsel to assist in any facet of the Action or other actions in aid of Panda's collection the Judgment, provided that they execute Attachment A to this Order;

   (e) outside photocopying, graphic production services or litigation support services employed by Plaintiff or its respective counsel to assist in this Action or other actions in aid of Panda's collection the Judgment, or computer service personnel performing duties in relation to a computerized litigation system, provided that they execute Attachment A to this Order;

   (f) the Court, court reporters, videographers, stenographers, and court personnel, including but not limited to special masters or discovery referees appointed by the Court;

   (g) the direct staff of, and any contract support personnel employed or retained by, any of the foregoing, provided that such persons are actively involved in assisting with the litigation of this Action or other actions in aid of Panda's collection the Judgment; and

   (h) the author or recipient of a document constituting Confidential Material.

  5. No disclosure of Confidential Material shall be made by any person authorized to have access thereto under this Order to any person who is not so-authorized. Plaintiff shall safeguard all Confidential Material it receives to protect against disclosure to any unauthorized persons or entities.

6. Should Respondent file any Confidential Material with the Court, Respondent must file a separate and specific motion seeking to file such material under seal pursuant to the Federal Rules of Civil Procedure, Local Civil Rules, Individual Rules and Practices in Civil Cases of the Honorable Judge Jennifer L. Rochon, United States District Court for the Southern District of New York or, if applicable, the rules of any Judge who may in the future preside over this Action ("Judge's Rules").

7. Respondent shall limit its CONFIDENTIAL designations solely to documents and information that it in good faith believes falls within the scope of this Order. Respondent shall be under any obligation to object to the designation of any document or information at the time such designation is made or at any time thereafter. Further, Respondent shall not, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

8. A designation of Confidential Material may be made at any time as to materials produced during the Action. The inadvertent, mistaken, or unintentional disclosure ("Inadvertent/Mistaken Disclosure") by Respondent without having so designated the material shall not be deemed a waiver in whole or in part of Respondent's claim of confidentiality if written notice is given to Plaintiff promptly after the Respondent's discovery of the Inadvertent/Mistaken Disclosure or non-designation. Within five (5) business days of providing such written notice of the Inadvertent/Mistaken Disclosure or non-designation, Respondent shall re-produce appropriately designated materials, and the material that was inadvertently/mistakenly disclosed or non-designated and all copies thereof shall be immediately returned to the producing party or destroyed. Upon receipt of written notice of Inadvertent/Mistaken Disclosure or non-designation

under this paragraph, Plaintiff shall exercise all reasonable efforts to retrieve or limit disclosure of the Confidential Material to persons not authorized to receive such materials under this Order.

9. Should any Confidential Material be disclosed through Inadvertent/Mistaken Disclosure by Plaintiff to any person not entitled to receive it, there shall be no waiver or loss of confidentiality. Respondent shall immediately inform counsel for Plaintiff of the Inadvertent/Mistaken Disclosure. Respondent shall also exercise all reasonable efforts to retrieve any such Confidential Material and ensure that no further or greater unauthorized or Inadvertent/Mistaken Disclosure or use thereof is made.

10. Plaintiff may object to the designation of particular "CONFIDENTIAL" documents or information by giving written notice to Respondent. Such written notice shall identify the documents or information to which the objection is made. If Plaintiff and respondent cannot resolve the objection in good faith, Plaintiff may file an appropriate motion in accordance with the Federal Rules of Civil Procedure, Local Civil Rules, and Judge's Rules, requesting that the Court determine whether the disputed document or information should be subject to the terms of this Order. If such a motion is filed, the disputed information shall be treated as Confidential Material under the terms of this Order until the Court rules on the motion.

11. The restrictions set forth in this Order regarding the protection of Confidential Material shall not apply or shall cease to apply to any material or information that:

(a) at the time of disclosure hereunder, was already lawfully in Plaintiff's the possession and was not acquired from anyone under an obligation of confidence to Plaintiff;

(b) after disclosure hereunder, is acquired by Plaintiff from another source that possessed such material or information lawfully and had no obligation of confidence to Respondent;

(c) after disclosure hereunder, is disclosed to a third party by Respondent without a designation or corresponding obligation of confidentiality;

(d) prior to disclosure was available to the public, or subsequent to disclosure has become available to the public through no fault of Plaintiff; or

(e) is used or admitted in open court without objection; however, with respect only to this exception, Confidential Material will not be deemed "used or admitted in open court without objection" unless or until the deadline to file a notice of intent to request redaction of any Court transcript lapses without such notice of intent having been filed.

12. Nothing contained in this Order shall be construed to require production of Confidential Material deemed to be privileged or otherwise protected from discovery.

13. Nothing contained in this Order shall be construed to require production of material the disclosure of which would breach an express or implied agreement by Respondent to a third party to maintain such information in confidence, but such withheld materials will be properly identified by disclosing party on a privilege log.

14. Nothing contained in this Order shall prevent disclosure beyond the terms of this Order if the party designating the material CONFIDENTIAL consents to such disclosure or if the Court orders such disclosure.

15. At the conclusion of this Action or other actions in aid of Panda's collection the Judgment, including any appeals, the originals and all copies of Confidential Material, including electronic copies and including those provided to outside experts and other third parties, but excluding those provided to the Court, shall be returned to the Respondent or destroyed, at the election of the Producing Party, except that the Parties nor the Court shall be obliged to return or destroy any materials or any photocopies thereof that were: (a) admitted into evidence at trial or at

any hearing; or (b) incorporated, as an exhibit, appendix, or otherwise, as part of a document filed with or submitted to the Court. To the extent the communication or information in question may exist on any computer or back-up media which cannot be reasonably deleted, it may be retained until such time as the media is subject to routine deletion or destruction, provided that no person attempts to access the contents of the communication or information unless allowed under the terms of this Order. Notwithstanding this provision, counsel shall be entitled, without violating this Order, to retain archival copies of pleadings, affidavits, declarations, motions, briefs, expert reports, correspondence (including email and internal correspondence), any other papers or materials filed with the Court, deposition transcripts, the trial record, and attorney work product (regardless of whether such materials contain or reference information designated CONFIDENTIAL), and any attachments or exhibits to any such categories of documents, so long as the materials are governed by this Order. Written certification of compliance with these post-conclusion requirements shall be provided to Respondent producing party not later than sixty (60) days after final termination of this Action or other actions in aid of Panda's collection the Judgment. Plaintiff's failure to provide such post-conclusion certification of compliance may be relied upon by Respondent as such certification.

16. The terms of this Order shall survive the final termination of this Action or other actions in aid of Panda's collection the Judgment to the extent that any Confidential Material is not or does not become publicly available.

17. This Order shall be binding upon Plaintiff and Respondent, upon their attorneys, and upon Plaintiff's, Respondent's and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions,

officers, directors, employees, agents, and independent contractors and other persons or organizations over which they have control.

18. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client with respect to this Action, and in the course thereof, relying upon an examination of material designated CONFIDENTIAL, provided that, however, in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose any material designated CONFIDENTIAL or the substance of such material to anyone not authorized by this Order to receive such material.

19. This Order is not intended to govern the use of material designated CONFIDENTIAL at the trial of this Action, if any.

20. This Order may be amended by further order of the Court and is without prejudice to the rights of either Plaintiff or Respondent to move for relief from any of its provisions or to seek or agree to different or additional protection for any particular material or information.

21. If another court or an administrative agency subpoenas or orders production of material designated CONFIDENTIAL that Plaintiff has obtained under this Order, Plaintiff, to the extent not prohibited by law, give written notice by email within two business days of the receipt of such subpoena or demand to undersigned counsel Respondent or Respondent and (b) shall, to the extent not prohibited by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved, if Respondent that produced the Confidential Material takes prompt action to resolve the dispute either voluntarily or through court proceedings if necessary.

22. To the extent Plaintiff is required by any law, regulation, or other authority to produce Confidential Material, such Party shall promptly notify Respondent of the legal requirement of disclosure.

23. Nothing in this Order shall prevent disclosures beyond the terms of this Order by any Party compelled to disclose Confidential Material to any state or federal regulatory agency. Said disclosure shall be made after reasonable notice and leave of court.

24. Each person or entity who receives any material designated CONFIDENTIAL agrees to be subjected to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order. This provision will not waive or be considered relevant to the subject matter and personal jurisdiction defenses raised by any defendant.

25. This Order has no effect upon, and shall not apply to, Respondent's use of its own or NovaDine's Confidential Material for any purpose.

26. Respondent shall have standing to appear in this Action to file motions and oppose motions, as necessary, to protect such its rights in its own Confidential Material or assert its obligations to a third party, including NovaDine.

[THIS SPACE LEFT INTENTIONALLY BLANK]

**SO STIPULATED AND AGREED.**

| GREENBERG TAURIG | TRACHTMAN & POLER LAW LLC |
|---|---|
| By: _/s/ Ashely A. LeBlanc_ | By: _/s/ Emily A. Poler_ |
| Ashely A. LeBlanc | Emily A. Poler |
| 1 Vanderbilt Avenue | 45 Main St., Suite 810 |
| New York, NY 10017 | Brooklyn, NY 11201 |
| (212)801-2285 | (212) 675-9060 |
| leblanca@gtlaw.com | emily@trachtmanpoler.com |
| *Attorneys for Plaintiff* | *Attorneys for Respondent* |

Dated: November 5, 2025
       New York, New York


**SO ORDERED:**

_/s/ Jennifer Rochon_
JENNIFER L. ROCHON
United States District Judge

Dated: __November__  _6_ , 2025
       New York, New York

12

ACTIVE 714445389v3

## **Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)

ACTIVE 714445389v3